UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 17-61324-CIV-MIDDLEBROOKS

CARLA SOLIS, individually and
on behalf of others similarly situated,

    Plaintiff,

v.

PLANET FITNESS, INC., a Delaware
Corporation d/b/a PLANET FITNESS, and
PLANET FITNESS EQUIPMENT, LLC,
a New Hampshire Limited Liability Company,

    Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(B)(1)
FOR LACK OF STANDING OR, ALTERNATIVELY, TO COMPEL
ARBITRATION AND, IN FURTHER ALTERNATIVE, TO DISMISS
PURSUANT TO RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM**

    Defendants Planet Fitness, Inc., and Planet Fitness Equipment, LLC (collectively, "Defendants" or "Planet Fitness"), move to dismiss the *Class Action Complaint for Violations of the Fair and Accurate Credit Transactions Act (FACTA)* ("*Complaint*" or "Compl."; ECF No. 1), for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), FED. R. CIV. P. Plaintiff Carla Solis lacks any concrete injury in fact; therefore, she lacks Article III standing. Alternatively, Defendants move to compel arbitration of Ms. Solis' claim, which is encompassed by the broad arbitration provision in her Membership Agreement with Planet Fitness; therefore, arbitration must be compelled under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*

    In addition, and in the further alternative, Defendants move to dismiss pursuant to Rule 12(b)(6), FED. R. CIV. P. To state a claim under the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681c(g), which is a subsection of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, Ms. Solis must plead a "willful" violation because she expressly "seeks only statutory damages." *See* Compl. ¶ 68. She does not. Even taken as true, the acts alleged show at most negligence arising from a third-party software upgrade.

    In support of this motion, Defendants state as follows:

**INTRODUCTION**

Almost a decade ago, this Court recognized "the potential for great abuse of FACTA," a law intended to protect consumers which, more often than not, is capitalized upon to impose a "significant burden on the hundreds of companies that have been sued … without corresponding consumer protection benefits." *Smith v. MSV Sales & Servs., LLC*, No. 08-61436-CIV, 2008 WL 4921356, *2 (S.D. Fla. Nov. 18, 2008) (Middlebrooks, J.) (citation omitted). This lawsuit is the epitome of the potential for great abuse of FACTA the Court recognized in *Smith*. Ms. Solis and her counsel do not seek to redress an actual injury suffered by any consumer. Instead, they seek a monetary windfall based on a technical violation of a statute that caused no harm.

In Count I, Ms. Solis alleges as her sole cause of action a claimed violation of FACTA, which provides "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." *See* 15 U.S.C. § 1681c(g)(1); *see also* Compl. ¶¶ 76-83. Ms. Solis alleges that Defendants violated this provision when she purchased a gym essentials bundle kit at a Planet Fitness franchise location in Fort Lauderdale, Florida, and "was presented with an electronically printed receipt bearing the full expiration date" of her personal American Express® credit card. *See id*. ¶¶ 44-45. Ms. Solis brings this claim individually and on behalf of a putative class of others who allegedly received a receipt including a card's expiration date. *See id*. ¶¶ 1, 62. She seeks to recover statutory and punitive damages, injunctive relief, and attorneys' fees and costs for herself and the putative class – but <u>not</u> actual damages for herself or the putative class. *See id*. ¶¶ 2, 68, 83 & WHEREFORE CLAUSE.

The *Complaint* should be dismissed for multiple reasons.[1]

***First***, the Court lacks subject matter jurisdiction. Ms. Solis has failed to allege any injury-in-fact and therefore lacks standing. Following *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), federal courts across the nation have dismissed statutory claims similarly alleging only "a bare procedural violation, divorced from any concrete harm," finding that such claims do not "satisfy the injury-in-fact requirement of Article III" standing. 136 S. Ct. at 1549. The Eleventh Circuit recognizes that a statutory violation does not automatically create standing. Instead, "the

---

[1] Defendants note that Ms. Solis' class claims also fail, for reasons that will be raised in full, if necessary, at a later stage in the proceedings. Notably, Ms. Solis has waived the right to proceed on a class basis, as her claim falls within her binding arbitration and class waiver provision in her Membership Agreement, which is discussed in Section II below.

relevant question is whether [plaintiff] was harmed when th[e] statutory right was violated." *Nicklaw v. CitiMortgage, Inc.*, 839 F.3d 998, 1002 (11th Cir. 2016), *reh'g en banc denied*, 855 F.3d 1265 (11th Cir. 2017); *see also Mejia v. Ocwen Loan Servicing, LLC*, No. 16-16353, ___ F. App'x ___, 2017 WL 3396563, at *1, *3-4 (11th Cir. Aug. 8, 2017) ("affirm[ing] for the reasons stated in the District Court's dispositive order" dismissal of claim pursuant to "the Supreme Court's guidance in *Spokeo*" because "[p]laintiff cannot assert a statutory violation" where "[p]laintiff has not suffered a concrete injury in fact"). Congress, two Circuit Courts, and a host of district courts have rejected Ms. Solis' exact claim; therefore, she lacks Article III standing and this Court lacks subject matter jurisdiction over the *Complaint*.

  **Second**, Ms. Solis is bound by her agreement to arbitrate. As set forth in the *Declaration of Alison Johnson* ("Johnson Declaration"; Exhibit **A**), Ms. Solis executed a Membership Agreement containing a broad dispute resolution provision which requires that she submit to binding arbitration any "complaint [she] may have" against, *inter alia*, Defendants:

> J) <u>Dispute Resolution:</u> In the unlikely event that Planet Fitness[2] and/or PF Corporate[3] is unable to resolve a complaint you may have to your satisfaction (or is unable to resolve a dispute with you after attempting to do so informally), <u>we each agree to resolve such disputes through binding arbitration or small claims court rather than a court of general jurisdiction</u>. For simplicity and fairness, arbitration will be conducted on an individual basis in accordance with the American Arbitration Association's rules for consumer arbitration. By signing this agreement, you acknowledge and agree that you, Planet Fitness, and PF Corporate are each waiving the right to a trial by jury and the right to participate in a class action, either in court or in arbitration. <u>This Dispute Resolution provision shall apply to this contract unless, within thirty (30) days of signing this contract, you notify Planet Fitness in writing that you reject this provision</u>. Such notification must be made in writing delivered to the club address listed on the first page. Rejection of this provision shall have no effect on the remaining provisions of this contract.

*See* Johnson Declaration, ¶¶ 6-7; Membership Agreement (Johnson Declaration, Exhibit 1) at ¶ 3.J (emphasis added). Because Ms. Solis did not opt out of the Dispute Resolution provision, she remains bound to it and must arbitrate her claim. *See, e.g., Jones v. Waffle House, Inc.*,

---

  [2] "Planet Fitness" is defined in the Membership Agreement as PF Riverbend, LLC, d/b/a Planet Fitness®. *See id*. at 1 (Payment Authorization section). PF Riverbend, who was not named as a defendant in this case, is a contract franchisee of Pla-Fit Franchise, LLC. Johnson Declaration at ¶¶ 8-9.

  [3] "PF Corporate" is defined as Pla-Fit Franchise, LLC, and its parents, subsidiaries and affiliates. *See* Membership Agreement at 1 (Payment Authorization section). Both Defendants thus are within the definition of "PF Corporate." Johnson Declaration at ¶¶ 8-9; *id*. at Exhibit 2.

\_\_\_ F.3d \_\_\_, 2017 WL 3381100, at *3 (11th Cir. Aug. 7, 2017) ("It is by now basic hornbook law that the … FAA … reflects both a liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract.") (internal quotation omitted).

**Third**, the *Complaint* should be dismissed for failure to state a claim for a willful violation under FACTA. For her claim to survive dismissal, Ms. Solis must allege sufficient facts to support a plausible inference that Defendants willfully, knowingly, or recklessly violated the FCRA. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007). Ms. Solis' allegations center on Defendants' general knowledge of FACTA's requirements through publications, generic communications from credit card companies, and an executive's alleged prior experience, and Defendants' alleged failure to ensure compliance during a recent software update. *See*, *e.g.*, Compl. ¶¶ 31, 32, 35, 38-42, 53-58. But, these allegations are inadequate to support a finding of the "willful" violation required for statutory damages. *See* 15 U.S.C. § 1681n. Ms. Solis' allegations show, at most, negligence. *Safeco* sets the willfulness standard much higher. *See* 551 U.S. at 57. Therefore, should the Court determine that it has subject matter jurisdiction – it does not – and deny Defendants' request to enforce the arbitration agreement – it should not – the *Complaint* should be dismissed for failure to state a claim.

## ARGUMENT

I. **The Court Lacks Subject Matter Jurisdiction Because Ms. Solis Cannot Plausibly Demonstrate an Injury Sufficient to Establish Article III Standing.**

### A. Standing Is a Threshold Matter

"[B]ecause the constitutional standing doctrine stems directly from Article III's 'case or controversy' requirement … this issue implicates [the Court's] subject matter jurisdiction, and accordingly must be addressed as a threshold matter …." *Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1242 (11th Cir. 2003) (citing *Vt. Agency of Natural Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 771 (2000)); *see also Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction ….") (internal quotations and citations omitted).

Facial attacks challenge standing based on the well-pled allegations in a complaint, which the district court must accept as true. *McElmurray v. Consol. Gov't of August-Richmond County*, 501 F.3d 1244, 1251 (11th Cir. 2007). A "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

4

the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also McElmurray*, 501 F.3d at 1251 (federal courts apply a similar standard to a Rule 12(b)(1) motion challenging subject matter jurisdiction as to a Rule 12(b)(6) challenge). Ms. Solis, "the party bringing the claim," bears the burden to prove standing. *Beaver v. Inkmart, LLC*, No. 12-60028, 2012 WL 4005970, *2 (S.D. Fla. Sept. 12, 2012) (Middlebrooks, J.).

As discussed below, Ms. Solis cannot meet her burden because she cannot plausibly demonstrate an injury in fact sufficient to establish Article III standing. Therefore, the *Complaint* should be dismissed pursuant to Rule 12(b)(1) for lack of jurisdiction.

### B. *Spokeo* and the Eleventh Circuit's Applications of Its Holding Require that Ms. Solis Sufficiently Allege Actual Harm to Establish Standing

The Supreme Court in *Spokeo* addressed the concrete injury-in-fact requirement of standing in the context of an FCRA claim and held that "a bare procedural violation, divorced from any concrete harm" does not "satisfy the injury-in-fact requirement." 136 S. Ct. at 1544-45, 1549. "[T]he *Spokeo* opinion makes clear that … statutory damages combined with a procedural violation of [a] statute are not enough [to confer standing]: 'concreteness' requires that an injury 'actually exist.'" *Higgens v. Trident Asset Mgmt., LLC*, No. 16-cv-24035, 2017 WL 1230537, at *1 (S.D. Fla. Mar. 28, 2017) (Scola, J.) (citing *Spokeo*, 136 S. Ct. at 1548). In other words, "a plaintiff does not 'automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *Nicklaw*, 839 F.3d at 1002 (quoting *Spokeo*, 136 S. Ct. at 1549).

In *Nicklaw*, the Eleventh Circuit applied the injury-in-fact standing requirement to reject the argument that a statutory violation automatically created standing. The *Nicklaw* plaintiff filed a putative class action when he learned that CitiMortgage had failed to file a certificate of discharge pertaining to the satisfaction of his mortgage within the time provided by a New York statute. *See* 839 F.3d at 1000. In affirming the dismissal for lack of standing, the Eleventh Circuit stated, "the relevant question is whether [plaintiff] was <u>harmed</u> when this statutory right was violated." *Id*. at 1002 (emphasis added). Similarly, in *Mejia*, the Eleventh Circuit again adhered to "the Supreme Court's guidance" in *Spokeo* by affirming the dismissal of a complaint alleging a technical violation of a regulation under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq*., recognizing that "Plaintiff cannot assert a statutory violation" where "Plaintiff has not suffered a concrete injury in fact." 2017 WL 3396563, at *4; *see also Meeks v. Ocwen Loan Servicing, LLC*, 681 F. App'x 791, 793 (11th Cir. 2017) (applying

S*pokeo* to dismiss a statutory claim under RESPA because plaintiff could not show that he suffered a real, concrete injury, and, therefore, lacked standing).

Although the Eleventh Circuit declined to dismiss a statutory claim for lack of standing in *Church v. Accretive Health, Inc.*, 654 F. App'x 990 (11th Cir. 2016), that decision is both unpublished, and therefore not precedential,[4] and distinguishable. *Church* involved a claim that a debt collection letter failed to include certain information required by the disclosure rules in the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. *See* 654 F. App'x at 994-95. The panel reasoned that Ms. Church had suffered an informational injury because she had a statutorily-created substantive right to receive certain disclosures, which had not been provided. *See id.* at 995. Thus, the persuasiveness of *Church* only applies in a narrow class of cases where a plaintiff alleges a violation of a statutory right to receive information. *See, e.g.*, *Zia v. CitiMortg., Inc.*, 210 F. Supp. 3d 1334, 1342 (S.D. Fla. 2016) (Gayles, J.) (distinguishing *Church*, which relied on "informational standing," from cases in which a bare procedural violation of a statute was the only harm alleged and dismissing for lack of concrete injury).

However, in *Nicklaw*, the Eleventh Circuit established that, while *Spokeo* recognizes that "intangible injuries may satisfy the Article III requirement of concreteness" in the circumstance of "a plaintiff who alleges a violation of a statutory right to receive information," not all statutory rights automatically confer standing. *See* 839 F.3d at 1002. As the Court explained, "a plaintiff does not 'automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *Id*. (quoting *Spokeo*, 136 S.Ct. at 1549).

Ms. Solis has not alleged an "informational" injury; therefore, *Church* is inapposite and, in any event, only potentially persuasive. Instead, the precedential *Nicklaw* decision governs the analysis of Ms. Solis' FACTA claim, and she fails to show Article III standing.[5]

---

[4] *See, e.g., U.S. v. Irey*, 612 F.3d 1160, 1215 n. 34 (11th Cir. 2010) ("Unpublished opinions are not precedential ….").

[5] Although no more precedential than the decision in *Church*, the Eleventh Circuit's decision denying rehearing *en banc* of the panel decision in *Nicklaw* is revealing of the Court's view of how *Spokeo* should be applied. *See Nicklaw v. CitiMortg., Inc.*, 855 F.3d 1265 (11th Cir. 2017). In defending the denial of rehearing, Judge Pryor, joined by Judge Marcus, notes that *Spokeo* "made clear that the role of the legislature in 'identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.' Instead, 'Article III standing requires a concrete injury even in the context of a

### C. Ms. Solis Fails to Allege a Harm Sufficient for Standing Resulting from the Alleged FACTA Receipt Violation

Ms. Solis seeks only statutory damages and fails to allege that she suffered any concrete injury arising from the alleged printing of her credit card's expiration date on her receipt. She does not allege that she was the victim of identity theft, that her personal information was compromised, or that her receipt was lost, stolen, or otherwise is in the possession of any third party. Her generalized allegations of an elevated risk of identity theft, *see* Compl. ¶ 82, were explicitly rejected by Congress when it clarified FACTA and explained that disclosing a credit card's expiration date does not create an elevated risk of identity theft. *See* Credit and Debit Card Receipt Clarification Act of 2007 ("FACTA Clarification Act"), Pub. L. No. 110-241, § 2(a)(6), 122 Stat. 1565, 1565 (2007). Ms. Solis' additional conclusory assertions of harm based on employees at the Planet Fitness location allegedly viewing the expiration date and certain undisclosed "action[s]" that she allegedly took to protect herself, *see* Compl. ¶ 82, are completely unsupported. Her allegations thus fail to satisfy Article III, because an alleged statutory violation divorced from any actual harm does not confer standing.

While the Eleventh Circuit has not yet addressed a *Spokeo* challenge to a FACTA claim, the Second and Seventh Circuit Courts of Appeal have. In *Crupar-Weinmann v. Paris Baguette Am., Inc.*, 861 F.3d 76 (2d Cir. 2017), and *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724 (7th Cir. 2016), both Circuits rejected expiration-date FACTA claims identical to Ms. Solis' claim. *See Crupar-Weinmann*, 861 F.3d at 78 ("the bare procedural violation alleged by the plaintiff does not present a material risk of harm" and thus "do[es] not satisfy the injury-in-fact requirement necessary to establish Article III standing"); *Meyers*, 843 F.3d at 728-29 ("[T]he failure to truncate a credit card's expiration date is insufficient to confer Article III standing."). District courts across the country have also dismissed expiration-date FACTA complaints for lack of standing. *See*, *e.g.*, *Batra v. RLS Supermarkets, LLC*, No. 3:16-CV-2874-B, 2017 WL 3421073, *1, *7-8 (N.D. Tex. Aug. 9, 2017) (dismissing expiration-date FACTA claims because

---

statutory violation.'" *Id*. at 1266 (quoting *Spokeo*, 136 S.Ct. at 1549). Significantly, specifically addressing the FCRA – which was not at issue in *Nicklaw* – Judge Pryor states, "*Spokeo* explained that a violation of the Act will not always cause a consumer to suffer a concrete injury. *See id*. at 1550. Unlike a statute that confers a right to truthful information to a plaintiff, a violation of the [FCRA] alone might not 'cause harm or present any material risk of harm.' *Id*. As we have explained in other contexts, the violation of a legal right alone does not satisfy the concrete injury requirement." *Id*. at 1268 (citing *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1251 (11th Cir. 2015)) (emphasis added).

7

plaintiffs failed to allege that they suffered any cognizable harm apart from alleging a bare procedural violation of the statute); *O'Shea v. P.C. Richard & Son, LLC*, No. 15 Civ. 9069 (KPF), 2017 WL 3327602, *5 (S.D.N.Y. Aug. 3, 2017) (same); *Llewellyn v. AZ Compassionate Care, Inc.*, No. CV-16-04181-PHX-DGX, 2017 WL 1437632, *6-7 (D. Ariz. Apr. 24, 2017) (same); *Weinstein v. Intermountain Healthcare, Inc.*, No. 2:16-cv-00280-DN, 2017 WL 1233829, *4 (D. Utah Apr. 3, 2017) (same); *Fullwood v. Wolfgang's Steakhouse, Inc.*, No. 13 Civ. 7174 (KPF), 2017 WL 377931, *5 (S.D.N.Y. Jan. 26, 2017) (same).[6]

Defendants acknowledge that Judge Altonaga and Judge Bloom of this Court have declined to dismiss FACTA claims on injury-in-fact standing challenges, including expiration-date claims.[7] However, their decisions pre-date the Eleventh Circuit's analyses of *Spokeo* in *Nicklaw* and in *Mejia*, and its clarification in *Nicklaw* of the narrow exception for special informational injuries like the one addressed in *Church*. *See Nicklaw*, 839 F.3d at 1002. To Defendants' knowledge, neither judge has analyzed a *Spokeo* challenge to a FACTA claim subsequent to *Nicklaw*. Furthermore, their decisions cite to and rely on a pre-*Spokeo* Eighth

---

[6] Numerous district courts have also dismissed FACTA receipt claims for failure to plead any actual injury from the similar alleged violation of printing too many digits of the credit or debit card number. *See*, *e.g.*, *Kamal v. J. Crew Grp., Inc.*, No. 2:15-0190 (WJM), 2017 WL 2587617, *4 (D. N.J. June 13, 2017) (dismissing FACTA receipt claim because "[e]ven drawing all reasonable inferences in Plaintiff's favor, … the risk-of-harm argument fail[ed] to establish constitutional standing" where there was no evidence that anyone had or would access plaintiff's credit card information); *Katz v. Donna Karan Int'l, Inc.*, No. 14-civ-740 (PAC), 2017 WL 2191605, *7 (S.D.N.Y. May 17, 2017) ("The availability of statutory damages, without any injury, does not automatically confer standing."); *Hendrick v. Aramark Corp.*, No. CV 16-4069, 2017 WL 1397241, *4-*5 (E.D. Pa. Apr. 18, 2017) (plaintiff suffered no actual injury and alleged no facts to substantiate a claim that defendant subjected him to an increased risk of harm); *Everett v. Memphis Light Gas & Water Div.*, No. 16-cv-2810-SHL-tmp, 2017 WL 1830165, *1, *3-4 (W.D. Tenn. Apr. 18, 2017) ("[p]laintiff has not demonstrated a concrete injury in fact"); *Paci v. Costco Wholesale Corp.*, No. 16-cv-004, 2017 WL 1196918, *3 (N.D. Ill. Mar. 30, 2017) (plaintiff failed to allege any independent harm caused by the alleged violation); *Stelmachers v. Verifone Sys., Inc.*, No. 5:14-CV-04912-EJD, 2016 WL 6835084, *4 (N.D. Cal. Nov. 21, 2016) (given that only plaintiff had seen the receipt, the risk of identity theft was too speculative to constitute impending harm); *Thompson v. Rally House of Kansas City, Inc.*, No. 15-00886-CV-W-GAF, 2016 WL 8136658, *5 (W.D. Mo. Oct. 6, 2016) (plaintiff alleged no injury in fact sufficient to confer standing).

[7] *See Flaum v. Doctor's Assocs., Inc.*, No. 16-cv-61198, 2016 WL 7015823, *3-4 (S.D. Fla. Aug. 29, 2016) (Altonaga, J.) (expiration date); *Bouton v. Ocean Props., Ltd.*, 201 F. Supp. 3d 1341, 1351-52 (S.D. Fla. 2016) (Bloom, J.) (expiration date); *Wood v. J Choo USA, Inc.*, 201 F. Supp. 3d 1332, 1340 (S.D. Fla. 2016) (Bloom, J.) (expiration date); *Guarisma v. Microsoft Corp.*, 209 F. Supp. 3d 1261, 1265-67 (S.D. Fla. 2016) (Altonaga, J.) (excess digits).

8

Circuit decision, *Hammer v. Sam's East, Inc.*, 754 F.3d 492 (8th Cir. 2014), which is no longer good law. *See Braitberg v. Charter Commc'ns, Inc.*, 836 F.3d 925, 930 (8th Cir. 2016) (abrogating *Hammer* because *Spokeo* declined to adopt the "absolute view" that the actual-injury requirement is automatically satisfied by the invasion of a legal right created by Congress); *see also Llewellyn*, 2017 WL 1437632, at *3 (distinguishing the opinions as relying on the now-abrogated opinion in *Hammer*); *Thompson*, 2016 WL 8136658, at *5 (same); *Batra*, 2017 WL 3421073, at *5 n.4 (same). Therefore, "there is reason to question those cases' basis for concluding that FACTA confers … a substantive right" in the absence of any actual injury. *Crupar-Weinmann v. Paris Baguette Am., Inc.*, ___ F. Supp. 3d ___, 2017 WL 398657, *4 n.3 (S.D.N.Y. Jan. 30, 2017) (discussing and rejecting *Wood v. J Choo* and *Guarisma v. Microsoft*), *aff'd* 861 F.3d 76 (2d Cir. 2017).[8]

This Court is bound to follow the interpretation of *Spokeo* set forth in *Nicklaw*. The Second Circuit's decision in *Crupar-Weinmann* and Seventh Circuit's decision in *Meyers* are entirely consistent with the Eleventh Circuit's analysis, and both categorically reject claims identical to Ms. Solis' claim. *See Crupar-Weinmann*, 861 F.3d at 78; *Meyers*, 843 F.3d at 728-29. This Court should also, because Ms. Solis lacks any plausible claim of actual injury based on the mere allegation that her expiration date was printed on the receipt handed to her.

### D. Ms. Solis Fails to Allege Any Actual Harm Resulting from the Alleged Printing of Her Credit Card's Expiration Date

Ms. Solis fails to allege any factual support for her formulaic assertions of harm. The boilerplate *Complaint* includes only two paragraphs that purport to include facts specific to her. *See id*. ¶¶ 44-45. The rest of the pleading is generalities that could be – and repeatedly have been in this Court – asserted in any other putative plaintiff's FACTA claim.

Ms. Solis does not claim that she was a victim of identity theft, that her credit card information was exposed to any unauthorized third parties, or that she incurred significant – or, indeed, any – expenses by taking efforts to mitigate the harm of allegedly imminent identity theft. Instead, Ms. Solis vaguely alleges that:

---

[8] Notably, Judge Bloom issued the decision adopted by the Eleventh Circuit in *Mejia*. *See Mejia v. Ocwen Loan Servicing, LLC*, No. 16-cv-81269, 2016 WL 4587129, *4 (S.D. Fla. Sept. 1, 2016), *aff'd*, ___ F. App'x ___, 2017 WL 3396563, *3-4 (11th Cir. Aug. 8, 2017). Judge Bloom now recognizes that *Spokeo* "instruct[s] lower courts as to the standing requirements necessary for a claim asserting a statutory violation" and it requires dismissal where the "[p]laintiff has not suffered a concrete injury in fact." *See Mejia,* 2017 WL 3396563, at *3-4.

> By printing the expiration date of Plaintiff's credit card number on Plaintiff's transaction receipt, Defendants caused Plaintiff to suffer a heightened risk of identity theft; exposed Plaintiff's private information to those of Defendants' employees who handled the receipt and forced Plaintiff to take action to secure or destroy the receipts.

*Id*. at ¶ 82.[9] To the contrary, her first conceptual harm that the expiration date alone caused her "to suffer a heightened risk of identity theft" has been squarely rejected by Congress and multiple courts, and she fails to support any of her conceptual harm theories with adequate and plausible factual allegations.

As to a purported heightened risk of identity theft, "Congress has specifically declared that <u>failure to truncate a card's expiration date, without more, does not heighten the risk of identity theft</u>." *Meyers*, 843 F.3d at 727-28 (citing the FACTA Clarification Act) (emphasis added). As explained by the Second Circuit in *Crupar-Weinmann*:

> We find it dispositive that in 2007, Congress clarified FACTA in the [FACTA Clarification Act], stating that "[e]xperts in the field agree that proper truncation of the card number, ... *regardless of the inclusion of the expiration date*, prevents a potential fraudster from perpetrating identity theft or credit card fraud." Pub. L. 110–241, § 2(a)(6), 122 Stat. 1565, 1565 (2007) (emphasis added). …

> Congress *expressly* observed that the inclusion of expiration dates *did not* raise a material risk of identity theft, presumably to curtail the "hundreds of lawsuits [that] were filed [after FACTA's passage] alleging that the failure to remove the expiration date was a willful violation ... even where the account number was properly truncated [, and n]one of these lawsuits contained an allegation of harm to any consumer's identity." Pub. L. 110–241 § 2(a)(4)–(5), 122 Stat. at 1565.

861 F.3d at 81 (italics in original). The Second Circuit concluded that "the plaintiff here has not alleged in her amended complaint that [the defendant]'s bare procedural violation of FACTA posed a material risk of harm." *See id*. Indeed, as the Seventh Circuit noted in *Meyers*, "it is hard to imagine how the expiration date's presence could have increased the risk that [Ms. Solis']

---

[9] Although not alleged within or otherwise incorporated into her FACTA cause of action – indeed, Count I does not allege any of the prior paragraphs, *see id*. at ¶ 76, which independently makes it fail – Ms. Solis' general allegations include speculation that "a portion of the sale from credit or debit card transaction[s] is intended to protect consumer data, including the masking of credit card or debit card expiration dates …." *Id*. ¶ 28. How Defendants allegedly apportion and cover their security overhead costs cannot satisfy Ms. Solis' burden to show that she suffered an actual injury, especially considering that she elsewhere clarifies that what she purchased was "goods; specifically, a gym essentials bundle kit from one of Defendants' fitness center locations … ." *See id*. ¶ 44 (footnote omitted). She bought a gym essentials kit; her allegation regarding how the proceeds of that sale might have been used is nothing more than sheer speculation irrelevant to whether she has a sufficient injury to show standing.

identity would be compromised," 843 F.3d at 727, and Ms. Solis fails to allege any facts specific to her showing any basis for her speculation. *See generally Complaint*. Accordingly, Ms. Solis' first theory of conceptual harm is insufficient to confer Article III standing.

Ms. Solis' remaining two theories of conceptual harm are equally unsubstantiated. She claims that Defendants "exposed Plaintiff's private information to those of Defendants' employees who handled the receipt." Compl. ¶ 82 (emphasis added). This contention shows how desperate Ms. Solis' struggle is to show Article III standing. She fails to allege any facts to support this theory – *e.g.*, that someone other than the person with whom she allegedly dealt touched her receipt, much less that anyone looked at it. Moreover, Ms. Solis ignores the fundamental fact that she provided her complete credit information, with her name, all the numbers on the card, the expiration date, *etc*., for purposes of the transaction to purchase a gym essentials bundle kit at a Planet Fitness location. *See id*. ¶¶ 44-45. FACTA does not prohibit a merchant or its employees from viewing a card's expiration date or storing that information for its own records or receipt, but only prohibits printing the full expiration date "upon any receipt provided to the cardholder at the point of the sale." 15 U.S.C. § 1681c(g)(1) (emphasis added).

Taking the allegations of the *Complaint* as true, only Ms. Solis and Defendants handled her credit card or the receipt; she does not allege that any unauthorized party ever handled or had possession of her receipt. No plausible harm arises from these allegations. *See Katz*, 2017 WL 2191605, at *5 (dismissing FACTA claim for lack of standing where plaintiff "fail[ed] to allege that anyone aside from the store employees who handed [the p]laintiff the receipt, [the p]laintiff, and his lawyer ever saw either receipt; or that his identity or other financial information was stolen or lost …."); *Batra*, 2017 WL 3421073, at *7 (dismissing FACTA claim for lack of standing and noting that "to the extent that [the p]laintiff asserts that he suffered a concrete injury through an invasion of privacy, that argument fails because there is no indication that defendants released the information or that any third party saw the information").

As the Eleventh Circuit recognized years ago, "[t]he receipt is a contemporaneous record of a private transaction between [the vendor] and the customer[.]" *Creative Hospitality Ventures, Inc. v. U.S. Liab. Ins. Co.*, 444 F. App'x 370, 376 (11th Cir. 2011) (affirming summary judgment in favor of insurer in a coverage dispute because allegedly violative FACTA receipts were not a "publication … of material that violates a person's right of privacy"). Ms. Solis does not (and could not) allege that Defendants "broadcasted []or disseminated the receipt or the credit card information to the general public," and, therefore, there can be no improper publication. *See id*.,

11

444 F. App'x at 376. Consequently, because Ms. Solis "has not and cannot allege [her] personal credit card information has been exposed generally," "[t]here is no real risk of harm as the improper receipt has only been in Plaintiff's possession since receiving it from Defendants." *Thompson*, 2016 WL 8136658, at *5; *see also Whole Enchilada, Inc. v. Travelers Prop. Cas. Co. of Am.*, 581 F. Supp. 2d 677, 699-700 (W.D. Pa. 2008) ("[A] violation of the truncation provision of FACTA is not … a publication or invasion of an individual's privacy right" where the plaintiff alleges only that the defendant printed too much information "on a receipt that was handed back to [the plaintiff]"). In sum, Defendants' alleged issuance of a receipt to Ms. Solis showing the expiration date, "without any allegations of stolen identity or that a *third party* had access to the receipts—does not cause [Ms. Solis] any actual harm, nor do the receipts present a 'material risk of harm to [the] underlying interest' created and identified by FACTA." *Katz*, 2017 WL 2191605, at *4 (quoting *Strubel v. Comenity Bank*, 842 F. 3d 181, 190 (2d Cir. 2016)).

Ms. Solis similarly fails to support her bare assertion that she was "forced … to take action to secure or destroy the receipts." Compl. ¶ 82. She fails to explain what "action" she allegedly took or how that action allegedly protected her from any potential harm, instead leaving Defendants and the Court to guess. Her conclusory and vague assertion is insufficient to support a finding of actual harm. *See Twombly*, 550 U.S. at 555. Where a plaintiff does not claim to "have undertaken costly and burdensome measures to protect [himself] from the risk [she] supposedly face[d]" there can be no finding of harm. *Thompson*, 2016 WL 8136658, at *5. Moreover, even if Ms. Solis could elaborate on her purported "action," "incurring costs as a reaction to a risk of harm does not establish standing if the harm sought to be avoided is not itself 'certainly impending.'" *Khan v. Childrens Nat'l Health Sys.*, 188 F. Supp. 3d 524, 533 (D. Md. 2016) (rejecting plaintiff's "assert[ion] that the expense of guarding against identity theft constitutes injury in fact").

Having failed to meet her burden to sufficiently allege any actual harm divorced from her allegations of a purely technical procedural violation of FACTA, Ms. Solis lacks Article III standing and her claims must be dismissed.

**II.    The Court Should Compel Ms. Solis' Claim to Arbitration.**

    **A.    Strong Federal Policy Favors Enforcement of Arbitration Agreements**

Federal law favors arbitration and requires courts to compel arbitration in accordance with the terms of the parties' agreements.[10] The FAA specifically states that written agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *see also Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 664 (2010) (the central purpose of the FAA "is to ensure that private agreements to arbitrate are enforced according to their terms") (internal quotations and citation omitted).

> As the Eleventh Circuit stated just two weeks before this motion was filed:
>
> It is by now basic hornbook law that the … FAA … reflects "both a liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quotations and citation omitted). Accordingly, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

*Waffle House*, 2017 WL 3381100, at *3. Accordingly, "there is a presumption of arbitrability in the sense that an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Dist. No. 1-Marine Eng'rs Beneficial Ass'n, AFL-CIO v. GFC Crane Consultants*, 331 F.3d 1287, 1290 (11th Cir. 2003). The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues" covered by an arbitration agreement. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (italics in original).

"The party opposing a motion to compel arbitration or to stay litigation pending arbitration 'has the affirmative duty of coming forward by way of affidavit or allegation of fact to show cause why the court should not compel arbitration.'" *Sims v. Clarendon Nat'l Ins. Co.*, 336 F. Supp. 2d 1311, 1314 (S.D. Fla. 2004) (Altonaga, J.) (quoting *Aronson v. Dean Witter Reynolds, Inc.*, 675 F. Supp. 1324, 1325 (S.D. Fla. 1987) (Gonzalez, J.)).

---

[10] "[C]ourts generally treat motions to compel arbitration as motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)." *MRI Scan Ctr., LLC v. Nat'l Imaging Assocs., Inc.*, No. 13-60051-CIV, 2013 WL 1899689, at *2 (S.D. Fla. May 7, 2013) (Dimitrouleas, J.).

### B. Ms. Solis' Claim Is Subject to the Broad Dispute Resolution Provision in Her Membership Agreement

Ms. Solis' Membership Agreement requires that any complaints she may have against Defendants that cannot be informally resolved must be submitted to an individual, binding arbitration governed by the American Arbitration Association's rules for consumer arbitration:

> In the unlikely event that Planet Fitness and/or PF Corporate is unable to resolve a complaint you may have to your satisfaction (or is unable to resolve a dispute with you after attempting to do so informally), we each agree to resolve such disputes through binding arbitration or small claims court rather than a court of general jurisdiction. For simplicity and fairness, arbitration will be conducted on an individual basis in accordance with the American Arbitration Association's rules for consumer arbitration.

Membership Agreement ¶ 3.J (emphasis added). Both Defendants are within the definition of "PF Corporate." *See* n.3, *supra*. Ms. Solis' FACTA claim falls squarely within the broadly defined range of claims that she agreed to arbitrate – *i.e.*, any "complaint [she] may have" that Defendants are "unable to resolve … to [her] satisfaction." *See* Membership Agreement ¶ 3.J. Because Ms. Solis did not opt out of her Dispute Resolution agreement, she remains bound by it. *See* Johnson Declaration at ¶¶ 10-11; Membership Agreement ¶ 3.J (providing a thirty-day window to opt-out of the arbitration agreement in writing).

The Membership Agreement was signed by Ms. Solis on March 20, 2017. *See id*. at 1. It is of no consequence that Ms. Solis purports to base her claim on a transaction with Defendants that she alleges occurred one day prior to her execution of the Membership Agreement. *See* Compl. ¶ 44 (alleging that her purchase occurred "[o]n or about March 19, 2017"). When considering classically broad arbitration agreements that encompass a broad array of claims, such as Ms. Solis' agreement to arbitrate any "complaint [she] may have" against the Defendants, courts regularly compel "the arbitration of claims that arose prior to the execution of an arbitration agreement." *See Waffle House, Inc*., 2017 WL 3381100, at *10 n.1 (citing *Belke v. Merrill Lynch, Pierce, Fenner & Smith*, 693 F.2d 1023, 1028 (11th Cir. 1982), *abrogated on other grounds by Dean Witter Reynolds*, 470 U.S. at 217); *Belke*, 693 F.2d at 1028 (acts occurring prior to the execution of the arbitration agreement fell within the scope of arbitrable claims because the parties broadly agreed to arbitrate "any controversy between us arising out of your business or this agreement" and the agreement contained no temporal limits); *Kristian v. Comcast Corp*., 446 F.3d 25, 32-36 (1st Cir. 2006) (arbitration agreements had retroactive effect where they broadly included all claims arising out of "the services provided" and

contained no temporal restrictions, and noting that disputes as to scope should be resolved in favor of arbitration); *Mehler v. Terminix Int'l Co.*, 205 F.3d 44, 49-50 (2d Cir. 2000) ("classically broad" arbitration provision requiring arbitration of "any controversy or claim between [the parties] arising out of or relating to" the parties' agreement justified "presumption of arbitrability" and thus encompassed claims based on conduct that predated the arbitration agreement); *Zink v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 13 F.3d 330, 331-33 (10th Cir. 1993) ("the arbitration agreement is clearly broad enough to cover the dispute at issue despite the fact that the dealings giving rise to the dispute occurred prior to the execution of the agreement" where the arbitration clause applied to "any controversy between [the parties] arising out of [plaintiff's] business or this agreement"); *Spurlock v. Life Ins. Co. of Va.*, No. CIV.A.98-D-222-N, 2000 WL 1785300, at *8 (M.D. Ala. Oct. 31, 2000) (disputes pre-dating the agreement must be submitted to arbitration if they arose "out of the business relationship between the parties" where the agreement required arbitration of "[a]ny controversy arising out of or relating to [plaintiff's] accounts"); *Rand Bond of N. Am., Inc. v. Saul Stone & Co.*, 726 F. Supp. 684, 687-88 (N.D. Ill. 1989) ("all-embracing language" in agreement mandating arbitration of "[a]ny controversy or claim arising out of or relating to your accounts," "[spoke] in terms of relationships and not timing" and thus covered a dispute arising prior to execution).

Where, as here, the scope of disputes subject to arbitration is defined by a relationship between certain parties and is not "governed by the timing of the events underlying the parties' dispute," it is inferred that "[t]he parties intended to extend arbitration to all claims" between them, "even those pre-dating the [arbitration] agreement[.]" *Saldana v. Interior Concepts LLC*, No. 14-cv-81383, 2015 WL 12860326, at *2-3 (S.D. Fla. Apr. 2, 2015) (Hopkins, M.J.), *report and recommendation adopted*, 2015 WL 12860336 (S.D. Fla. Apr. 21, 2015) (Rosenberg, J.). Therefore, by entering into the Membership Agreement, Ms. Solis expressed a clear intent to arbitrate any dispute she may have had – including her FACTA claim – irrespective of the fact that the underlying sales transaction she identifies in her *Complaint* occurred one day prior to her signing the agreement.

Accordingly, "basic hornbook law," *Waffle House*, 2017 WL 3381100, at *3, requires that Ms. Solis' *Complaint* must be compelled to arbitration if the Court determines she has Article III standing.

### III. Alternatively, Ms. Solis Fails to Plead Facts Sufficient to Support a Finding that Defendants Willfully Violated FACTA, Which Requires Dismissal.

Even if the Court determines Ms. Solis has standing under Article III and declines to enforce her agreement to arbitrate contrary to the strong federal policy favoring arbitration – and neither should be the case – the *Complaint* still must be dismissed for failure to state a claim. By carefully wording her allegations, such as they are, to disclaim actual injury, she must adequately plead a "willful" violation of the FCRA to have a claim. She does not, and the allegations of the *Complaint* – accepted as true as they must be – establish that no amendment could cure this flaw.

#### A. Legal Standard

To survive dismissal under Rule 12(b)(6), a complaint must "'state a claim for relief that is plausible on its face.'" *Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011) (quoting *Twombly*, 550 U.S. at 570). A mere recital of the elements of a cause of action and conclusory statements are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'… Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). "[M]ere conclusory allegations need not be taken as true for purposes of a motion to dismiss, and [a plaintiff] must allege sufficient facts to support its allegations." *Vitacost.com, Inc. v. Gaia Herbs, Inc.*, No. 06-81141-CIV, 2007 WL 951768, *5 (S.D. Fla. Mar. 28, 2007) (Middlebrooks, J.) (citing *Marine Coatings of Alabama, Inc. v. U.S.*, 792 F.2d 1565, 1568 (11th Cir. 1986)). Although a plaintiff "is entitled to reasonable inference, such inferences may logically derive only from factual allegations actually made." *Perry v. Cable News Network, Inc.*, 854 F.3d 1336, 1342 n.4 (11th Cir. 2017).

As discussed below, there are no well-pled allegations stating a plausible claim that either Defendant acted willfully. Indeed, nothing is alleged at all regarding either Defendant individually and the allegations show, at most, negligence. Accordingly, the *Complaint* should be dismissed in its entirety.

#### B. Ms. Solis' Allegations of "Willfulness" Are Wholly Insufficient

Ms. Solis repeatedly concludes throughout the *Complaint* that Defendants acted "willfully" or "recklessly" in allegedly printing the expiration date of Ms. Solis' credit card on her receipt. *See, e.g.*, Compl. ¶¶ 1, 2, 48, 58, 59, 81, 83. The Court need not consider or draw inferences from these conclusory assertions. *Iqbal*, 556 U.S. at 678. For her claim to survive

dismissal, Ms. Solis must support her conclusions with facts sufficient to support a plausible inference that Defendants willfully or recklessly violated FACTA's truncation requirement. *See id.*; *see also Safeco*, 551 U.S. at 57. She wholly fails to meet this requirement.

A merchant who "willfully" violates FACTA "with respect to any consumer is liable to that consumer" for statutory damages ranging from $100 to $1,000, plus potential punitive damages and attorney's fees. 15 U.S.C. § 1681n(a). Ms. Solis' willfulness claim relies solely on generalized observations about Defendants' alleged knowledge of FACTA: (i) after it was enacted, FACTA was widely publicized by the Federal Trade Commission ("FTC"), retailers, and card-brand issuers (Compl. ¶ 31); (ii) the FTC issued general guidance about FACTA compliance in 2007, which informed businesses of FACTA's requirements (*id.* at ¶ 33); (iii) many credit card companies implemented policies relating to FACTA (*id.* at ¶¶ 32, 35, 39-41); and (iv) an executive at Planet Fitness supposedly had direct knowledge of FACTA's requirements from his tenure at another company sued for an alleged FACTA violation (*id.* at ¶ 42). While these allegations, if proven, could show general awareness of FACTA's requirements, allegations of mere awareness coupled with an example of alleged noncompliance support, at most, a claim sounding in negligence – but not enough to state a plausible claim for a willful violation of FACTA and entitlement to statutory damages.

In *Torongo v. Roy*, 176 F. Supp. 3d 1320, 1323-24 (S.D. Fla. 2016) (Middlebrooks, J.), this Court rejected essentially the same allegations of "wide publication of FACTA's requirements and credit card processing companies' (such as Visa and American Express) instructions to merchants" as being insufficient to show willfulness and dismissed the complaint because "there [we]re no factual allegations supporting Plaintiff's conclusory allegation[s]" of willfulness and "[i]f a violation is merely negligent, a plaintiff may recover only actual identity theft damages." *Id*. at 1323-24. *See also Katz v. Donna Karan Int'l, Inc.*, No. 14 Civ. 740(PAC), 2015 WL 405506, *2 (S.D.N.Y. Jan. 30, 2015) (dismissing FACTA claims for failure to plead willfulness because, while "there [we]re sufficient factual allegations to infer Defendants knew of FACTA's applicability, … there [we]re no factual allegations supporting a plausible inference that Defendants knew their conduct violated the truncation requirement or that Defendants consciously chose to violate FACTA"), *vacated and remanded sub nom. Cruper-Weinmann v. Paris Baguette Am., Inc.*, 653 F. App'x 81, 82 (2d Cir. 2016); *Crupar-Weinmann v. Paris Baguette Am., Inc.*, No. 13 Civ. 7013 (JSR), 2014 WL 2990110, *4 (S.D.N.Y. June 30, 2014) ("[A]llegations that plausibly suggest that defendant knew about FACTA's requirements[ ] do

17

not support a plausible inference that defendant knew that it was *violating* FACTA") (italics in original), *recons. denied*, 41 F. Supp. 3d 411 (S.D.N.Y. 2014), *and vacated and remanded sub nom. Cruper-Weinmann v. Paris Baguette Am., Inc.*, 653 F. App'x 81, 82 (2d Cir. 2016).[11]

Moreover, Ms. Solis' claim that Defendants willfully violated FACTA "is rendered further implausible by the [*Complaint's*] failure to reconcile Defendants' partial compliance" with FACTA in the past. *Katz*, 2015 WL 405506, at *2. Ms. Solis admits that Defendants "had a written policy in place requiring the truncation of credit card account numbers and masking of expiration dates" and "were actually truncating credit card account numbers and expiration dates." Compl. ¶ 54. She claims, however, that an "issue arose" with the masking of the expiration dates only when Defendants rolled out an "upgrade" of the point of sale software provided by a third-party. *See id.* at ¶¶ 50-53. Her allegations that a software upgrade caused the problem in no way "offer any plausible reason why Defendant[s] would comply with FACTA in one instance, and knowingly violate FACTA in the second." *Torongo*, 176 F. Supp. 3d at 1325.

"Thus, Plaintiff has not pled facts from which [the Court] can infer that Defendant[s] knowingly violated FACTA." *Id*. At best, Ms. Solis' allegations "support[] an inference that [D]efendant[s] *negligently* violated FACTA, which does not suffice to state a claim in a case such as this, in which plaintiff does not allege actual damages." *Crupar-Weinmann*, 2014 WL 2990110, at *4 (italics in original); *see also Torongo*, 176 F. Supp. 3d at 1323, 1325 (where a plaintiff does not allege actual damages in a FACTA case, the plaintiff must adequately plead willfulness or face dismissal); *Noble v. Nevada Checker CAB Corp.*, No. 2:15-cv-02322-RCJ-VCF, 2016 WL 4432685, at *3-4 (D. Nev. Aug. 19, 2016) (dismissing FACTA receipt claim where the plaintiffs failed to include allegations to support a willful violation and did "not separately allege[] any actual harm").

Therefore, as an alternative to the dispositive jurisdictional arguments of standing and arbitration raised in Section I and Section II above, the *Complaint* should be dismissed for failure to state a claim.

---

[11] The Second Circuit vacated these initial decisions in *Crupar-Weinnmann* and *Katz* and remanded them only for the limited purpose of "allow[ing] plaintiffs an opportunity to replead their claims to comport with the pleading standards set forth in *Spokeo*, and to allow the district court to address any standing questions in the first instance." C*rupar-Weinmann v. Paris Baguette Am., Inc.*, 653 F. App'x at 82. The scope of the remand did not include reevaluation of the findings on willfulness; therefore, the decisions remain good law on the question of whether allegations of willfulness are adequately pled. And, of course, in the subsequent history of *Crupar-Weinmann*, the Second Circuit rejected Ms. Solis' exact claim. *See* 861 F.3d at 78.

## CONCLUSION

Wherefore, Defendants Planet Fitness, Inc., and Planet Fitness Equipment, LLC, respectfully request that the Court dismiss the *Complaint* for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) because Ms. Solis lacks any injury in fact and therefore cannot establish Article III standing to pursue her claim and, alternatively, her claims should be compelled to arbitration. In addition, and in the further alternative, the *Complaint* fails to state a cause of action, and should be dismissed pursuant to Rule 12(b)(6) because Ms. Solis fails to plead and cannot plead a willful violation of FACTA.

Respectfully submitted,

Date:  August 21, 2017

**AKERMAN LLP**
350 East Las Olas Boulevard – Suite 1600
Fort Lauderdale, FL 33301
Tel.: 954-463-2700
Fax: 954-468-2454

By: */s/ Christopher S. Carver*
Christopher S. Carver, Esq.
Florida Bar No. 993580
christopher.carver@akerman.com
Jason S. Oletsky, Esq.
Florida Bar No. 0009301
jason.oletsky@akerman.com
Stacy J. Rodriguez, Esq.
Florida Bar No. 44109
stacy.rodriguez@akerman.com

*Attorneys for Defendants Planet Fitness, Inc., and Planet Fitness Equipment, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of August, 2017, I electronically filed a copy of *Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1) for Lack of Standing or, Alternatively, to Compel Arbitration and, in Further Alternative, to Dismiss Pursuant to Rule 12(b)(6) for Failure to State a Claim* with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on parties as listed (through counsel or those reflected as appearing without counsel) in the below Service List via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Stacy J. Rodriguez*
Attorney

## Service List

*Solis v. Planet Fitness, Inc.*
Case No. 17-61324-CIV-MIDDLEBROOKS
U.S. District Court Southern District of Florida

*Counsel for Plaintiff Carla Solis*
(service via CM/ECF)

Steven R. Jaffe, Esq.
Seth M. Lehrman, Esq.
FARMER, JAFFE, WEISSING, EDWARDS,
FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue – Suite 2
Fort Lauderdale, FL 33301
Tel.: 954-524-2820
Fax: 954-524-2822
steve@pathtojustice.com
seth@pathtojustice.com

Scott D. Owens, Esq.
SCOTT D. OWENS, P.A.
3800 South Ocean Drive – Suite 235
Hollywood, FL 33019
Tel.: 954-589-0588
Fax: 954-337-0666
scott@scottdowens.com

*Counsel for Defendants Planet Fitness, Inc.,
and Planet Fitness Equipment, LLC*
(service via CM/ECF)

Christopher S. Carver, Esq.
Jason S. Oletsky, Esq.
Stacy J. Rodriguez, Esq.
AKERMAN LLP
350 East Las Olas Boulevard – Suite 1600
Fort Lauderdale, FL 33301
Tel.: 954-463-2700
Fax: 954-468-2454
christopher.carver@akerman.com
jason.oletsky@akerman.com
stacy.rodriguez@akerman.com